disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

LAWRENCE J. DOLAN, Appellant, v. ADOLPH BARR and MAX BARR, Respondents.— Judgment unanimously affirmed, with costs. Upon the record before this court, plaintiff failed to show want of probable cause for the action of defendants in complaining to the magistrate and obtaining a summons. The record before the magistrate and before the Court of Special Sessions is not printed in the case on appeal, nor do we find any evidence that at any time plaintiff returned the book of samples which he obtained from defendants with the twenty-five dollars. Present — Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ.

MYLES DORAN, Respondent, v. JOSEPH D. O'BRIEN, Appellant.— Appeal dismissed, without costs. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

WILLIAM T. DREW, Respondent, v. WILLIAM M. BARRETT, as President of the ADAMS EXPRESS Company, Appellant.— Judgment and order of the City Court of Mount Vernon reversed and complaint unanimously dismissed, with costs. Under the terms of the contract evidenced by the bill of lading, defendant was not to be liable unless the injury or loss be caused by defendant or its servants; also the shipper agreed as a condition precedent to any recovery that " such loss or damage should be proved by the shipper to have been caused by the negligence of the carrier." In a live stock bill of lading such clauses are valid. As negligence was not proven, plaintiff must fail in his action. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

O. ELLERY EDWARDS, Appellant, v. GEORGE B. BURCH, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

MAX A. GOLDBERG, Respondent, v. SUNBEAM CHEMICAL COMPANY, INC., Appellant.— Order modified so as to direct that only those books kept in this State be produced upon the examination. If these books do not contain the information which the plaintiff seeks, the motion for discovery and inspection of the defendant's books may be renewed. As so modified the order is affirmed, without costs. No opinion. Rich, Putnam, Blackmar and Jaycox, JJ., concur; Jenks, P. J., not voting.

FRED JOHNSON, Appellant, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

TEKLA JOHNSON, Appellant, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

LUCY LAIR, Respondent, v. STATEN ISLAND MIDLAND RAILWAY COMPANY, Appellant.— Judgment and orders unanimously affirmed, with costs. No opinion. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

WILLARD L. MANCE, Appellant, v. MAURICE O'KEEFE, Commissioner

of Public Safety of the City of Yonkers, Respondent.— Order confirmed, with fifty dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

SAMUEL A. MORRISON, Respondent, v. FRITZ LEOPOLD SCHMIDT, JR., Appellant.— A broker employed to sell an interest in land is presumed to accept, as the subject-matter for negotiation, the quantity of title which his principal gives him. Reliance on representations though necessary in tort actions is not essential to be averred in such actions of contract. The terms of the contract itself import assent and materiality. Hence, plaintiff, suing for commissions, need not plead that he relied on the principal's title as offered for negotiation, and need not negative the possibility that he had discovered his principal's error. The averment that he " procured a purchaser for the said interest " sufficiently alleges performance. (*Morton v. Petit*, 133 App. Div. 377.) The word " procured " means not merely to initiate a transaction, but to bring it about. Order unanimously affirmed, with costs. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

ELIZABETH POWERS, Respondent, v. WESTCHESTER ELECTRIC RAILROAD COMPANY, Appellant.— Order of the Special Term in so far as appealed from affirmed. As the point of practice is somewhat novel, this affirmance is without costs. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

ELIZABETH POWERS, Respondent, v. WESTCHESTER ELECTRIC RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

HENRY PRESSER, Respondent, v. ERNEST RUFFER and Others, Copartners, etc., Appellants.— Judgment reversed, with costs, upon the facts and the law, and judgment unanimously directed in favor of defendants, with costs, upon authority of *Presser v. Central Trust & Savings Co.* (189 App. Div. 721), decided herewith. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concur. Settle order upon notice before Mr. Justice Kelly.

IGNATZ PSCHYGODA, Appellant, v. HARRY M. GOLDBERG, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE COUNTY OF WESTCHESTER, Appellant, v. THE STATE TAX COMMISSION, etc., and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements, on authority of *People ex rel. Town of Bedford v. State Tax Commission* (*ante*, p. 887), recently decided in the Third Department. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concur.

CHARLES SOLON, an Infant, by MARY LEWNES, His Guardian ad Litem, Respondent, v. CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, Defendant, and OTTO DUBOIS, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

ARTHUR R. STANLEY, Respondent, v. M. SERGEY FRIEDE, Appellant.— Judgment of the County Court of Westchester county unanimously affirmed,